IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYN PLUMP | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No.:  19-cv-4579 |
| | : | |
| LA SALLE UNIVERSITY | : | |
| **Defendants.** | : | |

## MEMORANDUM

| | |
|---|---|
| LYNNE A. SITARSKI | June 15, 2020 |
| UNITED STATES MAGISTRATE JUDGE | |

Plaintiff Carolyn Plump ("Plaintiff") filed a Motion to Compel the production of additional written discovery.[1]  [Pl.'s Mot. to Compel, ECF No.18, (hereinafter "Pl.'s Mot."), Memorandum of Law, ECF No. 18-1 (hereinafter "Pl.'s Memo. of Law")].  Defendant La Salle University ("Defendant" or "La Salle") has filed a response in opposition to Plaintiff's Motion. [Def.'s Resp., ECF No. 24 (hereinafter "Resp.")].  For the reasons discussed below, Plaintiff's Motion to Compel discovery is denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court writes primarily for the parties, who are familiar with the background and procedural posture of the case.  In her Amended Complaint, Plaintiff alleges that Defendant unlawfully discriminated against her on the basis of her sex in violation of (1) Title VII of the Civil Rights Act of 1964; (2) Title IX of the Education Amendments of 1972; (3) Federal Equal

---

[1]  The Honorable C. Darnell Jones II referred this motion to me for disposition pursuant to 28 U.S.C. §636(b)(1)(A).  (Order, ECF Docket No. 19).

Pay Act; and (4) Pennsylvania Human Relations Act ("PHRA").  (Am. Compl., ECF No. 14).

Plaintiff is an Associate Professor in the School of Business' Management & Leadership

Department (the "Department").  (*Id.* at ¶ 25).  Currently, there are seven full-time faculty

members in the Department, four women and three men, all of whom have advanced degrees in

various disciplines (e.g., strategic management, industrial and organizational psychology, and

law).  (*Id.* at ¶ ¶ 16-17).  Each full-time faculty member holds one of three ranks: Assistant

Professor (most junior rank), Associate Professor and Full Professor (highest rank).  (*Id.* at ¶ 18).

Plaintiff alleges that during a conversation with a male Full Professor within the

Department, she was informed that she was earning less than her male colleague and that La

Salle was willing to negotiate the male Full Professor's salary at the time he was hired.  (*Id.* at ¶

27).  After learning this information, Plaintiff complained to La Salle about the pay difference.

(*Id.* at ¶ 29).

In response to her complaint, Defendant informed Plaintiff she was being paid

appropriately in accordance with the Association to Advance Collegiate Schools of Business'

(AACSB) salary data.  (*Id.* at ¶ 31).  AACSB is a third-party administrator that provides a

database of business school faculty salaries broken down by rank and by discipline.  (*Id.* at ¶ 32).

Plaintiff is classified under "Business Law" on the AACSB scale.  (*Id.* at ¶ 35).  Plaintiff alleges

"there are male faculty members in the MGT Department with disciplines other than

management, e.g., strategic management and industrial and organizational psychology, but La

Salle used the classification/discipline 'Management' on the AACSB salary scale to determine

their starting salaries and not their specific discipline."  (*Id.* At ¶ 36).  According to Plaintiff, the

AACSB salary scale sets a higher starting salary for "Management" than "Business Law" and

that La Salle uses these classifications to discriminate on the basis of sex because "La Salle uses

2

the AACSB Management salary standard, regardless of discipline, to determine the salaries for the male MGT faculty and the AACSB Business Law salary standard to determine salaries for two female MGT faculty members." (*Id.* At ¶¶ 37, 53). Plaintiff further maintains Defendant has a "history of not negotiating salaries with female professors." (*Id.* at ¶ 61). Accordingly, Plaintiff brought this action against La Salle asserting Defendant unlawfully discriminated against her on the basis of sex. (Compl., ECF No. 1; Am. Compl., ECF No. 14).

On April 28, 2020, Plaintiff filed the instant Motion to Compel, seeking an Order compelling Defendant to provide more complete responses to Plaintiff's Interrogatory Nos. 4, 5, and 7.[2] (Pl.'s Mot., ECF No. 18). On May 12, 2020, Plaintiff's counsel informed the Court that Defendant supplemented its responses and that the only remaining dispute related to Plaintiff's Interrogatory No. 4, requesting "the starting salaries for Lynn Miller, Steve Meisel, William Van Buskirk and James Smither, all of whom are full-time professors in the Management and Leadership Department." (Letter, 5/12/2020).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 37 governs motions to compel discovery, and "[t]he scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rule of Civil Procedure." *Brewer v. Berks Cnty. Sheriff*, No. 13-5763, 2015 WL 13620425, at *2 (E.D. Pa. Oct. 5, 2015) (quoting *Breslin v. Dickinson Twp.*, No. 09-1396, 2011 WL 1577840 (M.D. Pa. Apr. 26, 2011)). Under Rule 26, "[p]arties may obtain

---

[2]   Defendant provided answers to Plaintiff's First Set of Interrogatories on April 7, 2020, with almost all responses providing general objections. (Pl.'s Memo. of Law, ECF No. 18-1 at 1). Plaintiff then asked La Salle to amend its responses to the First Set of Interrogatories (*Id.* at 2). On April 24, 2020, La Salle provided Plaintiff with amended responses but did not provide the information sought in Plaintiff's Interrogatory Nos. 4, 5, and 7. (*Id.*).

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance in this context has been 'construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case.'" *United States ex rel. Bergman v. Abbott Labs.*, No. 09-4264, 2016 WL 4247429, at *2 (E.D. Pa. Aug. 11, 2016) (quoting *Oppenheimer Funds v. Sanders*, 437 U.S. 340, 351 (1978)). The scope of discovery is broad, but it is not unlimited. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Discovery should not serve as a fishing expedition. *Upshaw v. Janssen Research & Development, LLC*, No. 11-7574, 2014 WL 1244047, at * 3 (E.D. Pa. Mar. 26, 2014).

When deciding a motion to compel, "[t]he moving party bears the initial burden to prove that the requested discovery falls within the scope of discovery as defined by Rule 26(b)(1). If the moving party meets this initial burden, the burden then shifts to the opposing party to demonstrate that the requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing the information." *Atkinson v. Luitpold Pharms., Inc.*, 414 F. Supp. 3d 742, 744 (E.D. Pa. 2019) (quoting *Wright v. City of Philadelphia*, 2017 WL 1541516, at *1 (E.D. Pa. Apr. 28, 2017)).

## III.    DISCUSSION

Plaintiff seeks an Order compelling Defendant to produce certain faculty members' starting salaries in La Salle University's School of Business Management & Leadership Department (the "Department"). (Pl.'s Mot., ECF No. 18; Pl.'s Memo. of Law, ECF No. 18-1, at 5-6). Specifically, Plaintiff seeks starting salary information for Lynn Miller, Steve Meisel,

William Van Buskirk and James Smither.  (*Id.*; Letter, 5/12/2020).  Plaintiff argues she is

entitled to the starting salary information for these fellow faculty members because they all work

in the same department.  (Pl.'s Memo. of Law, ECF No. 18-1, at 5-6).  Defendant responds that

the starting salary information of those faculty members is not relevant because, although they

are in the same department as Plaintiff, the faculty members are not "similarly situated" to the

Plaintiff.  (Resp., ECF No. 24, at 7-8).  La Salle points out that the four faculty members "teach

different disciplines, have different areas of expertise, and hold different qualifications and

different ranks, and were hired decades before her in completely different contexts"; therefore,

they are not appropriate comparators and their salary information is not relevant.  (*Id.* at 7).

Defendant further points out that these faculty members have a higher rank -- Professor --

whereas Plaintiff is an Associate Professor.  (*Id.*).  Furthermore, Defendant notes that these

faculty members' salaries were not determined by the AACSB scale because these individuals

were hired decades ago by different decision makers, before La Salle obtained AACSB

accreditation.  (*Id.*).  Therefore, Defendant alleges that the requested salary information is not

relevant to the Plaintiff's claim.  (*Id.* at 7-8).

　　　To prove disparate treatment under Title VII, Plaintiff must show (1) an "inference of

discrimination," (2) that she is a member of a protected class, (3) that she is qualified for the

position, and (4) that she suffered an adverse employment action.  *Makky v. Chertoff*, 541 F.3d

205, 214 (3d Cir. 2008).  To demonstrate an "inference of discrimination," Plaintiff can satisfy

her burden by showing that she was treated less favorably than a similarly situated employee

outside the protected class.  *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999).

"To make a comparison of the plaintiff's treatment to that of an employee outside the plaintiff's

protected class for purposes of a Title VII claim, the plaintiff must show that [s]he and the

employee are similarly situated in all *relevant* aspects." *Houston v. Easton Area Sch. Dist.*, 355 F. App'x 651, 654 (3d Cir. 2009) (emphasis in original). Identifying similarly situated employees takes into account factors "such as the employees' job responsibilities [and] the supervisors," *Wilcher v. Postmaster Gen.*, 441 F. App'x 879, 882 (3d Cir. 2011); but, ultimately, "whether a factor is relevant for purposes of a similarly situated analysis must be determined by the context of each case." *Houston*, 355 F. App'x at 654; *Cf. also id.* (discussing relevant factors of similarly situated employees in the workplace may include evidence the employees "possessed analogous attributes, experience, education, and qualifications relevant to the position sought." (internal citations omitted)).

Plaintiff's Motion to Compel a more complete answer to Interrogatory No. 4 is denied. Plaintiff has failed to meet her burden to show the requested starting salaries fall within the scope of discovery as defined by Rule 26, and therefore has failed to show the requested starting salaries are relevant to her claims. Fed. R. Civ. P. 26(b)(1). Specifically, Plaintiff has not shown Lynn Miller, Steve Meisel, William Van Buskirk, and James Smither are sufficiently "similarly situated" to warrant discovery of the starting salaries of those professors. *Cf. Hill v. GMAC Corp.*, No. 02-936, 2002 WL 32341950, at *4 (E.D. Pa. Oct. 17, 2002) ("A plaintiff cannot compel discovery regarding employees who are not similarly-situated."); *see also Apollo v. Pa. Convention Ctr. Auth.*, No. 11-6684, 2013 U.S. Dist. LEXIS 180032, at *5 (E.D. Pa. Dec. 23, 2013) ("Discovery of personnel files must be limited to documents relevant to the plaintiff's claims because of the confidential information within these files." (*citing Chiaradonna v. Rosemont C.,* No. 06-1015, 2006 WL 3742777, at *2 (E.D. Pa Dec. 11, 2006))); Saller v. QVC, Inc., No. 15-2279, 2016 U.S. Dist. LEXIS 99236, at *20 (E.D. Pa. July 29, 2016) ("Ordinarily

discovery of personnel records is permissible only for parties or for 'similarly situated' employees." (*citing Chiaradonna*, 2006 WL 3742777, at *2)).

The sole fact identified by Plaintiff to support her contention that she is 'similarly situated' to these faculty members is that they all serve in the same Department.  (Pl.'s Memo. of Law, ECF No. 18-1, at 3-4).  Plaintiff has provided no additional evidence as to how these faculty members are "similarly situated in all relevant respects."  *Wilcher*, 441 F. App'x at 882.  In contrast, the Defendant has identified multiple distinctions between Plaintiff and Professors Lynn Miller, Steve Meisel, William Van Buskirk, and James Smither.  (Resp., ECF No. 24, at 3).  Each faculty member has a different educational background from Plaintiff.  (*Id.*).  Plaintiff has a J.D.; each of the four faculty members has a Ph.D in a different field ("Dr. Miller in personality psychology with an emphasis on applications to organizational behavior; Dr. Meisel in Group Dynamics/Organizational Psychology; Dr. Van Buskirk in Organizational Psychology and Dr. Smither in Industrial/Organizational Psychology").  (*Id.*).  Plaintiff and the four faculty members do not teach the same courses. Each of the four faculty members teaches courses in their respective specialties, distinguishing them from Plaintiff.  (*Id.*).  In addition, these faculty members all hold the higher rank of "Professor," while Plaintiff holds the lower rank of "Associate Professor."  (*Id.*).

Defendant further points out that the four faculty members were hired decades before Plaintiff (between 1981 and 1992, in contrast to Plaintiff's hire in 2012).  (*Id.* at 4).  In addition, Plaintiff's starting salary was established by salary data set by the AACSB; La Salle received AACSB accreditation in 1995, after all four of the other faculty members were hired.  (*Id.*).  The other four faculty members' salaries were therefore set without reference to the Association's salary data.  (*Id.*).

For the reasons stated above, Plaintiff's motion is denied.  Plaintiff has failed to meet her initial burden to prove that the requested discovery falls within the scope of discovery as defined by Rule 26(b)(1).  Fed. R. Civ. P. 26(b)(1).  Plaintiff has not met this burden because she failed to show the four professors in her department who have different degrees with different qualifications and who teach different courses are similarly situated to her.  In addition, the other faculty members at issue were hired at different times and their salaries were set before La Salle began using the AACSB salary data.  Therefore, Plaintiff has not satisfied her burden of showing that the starting salaries of these faculty members are relevant to her claims.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel is denied as to the starting salaries of the additional faculty members in La Salle University School of Business' Management and Leadership Department.

An appropriate order follows.

BY THE COURT:


   /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge